88   66
156a 700

---

EDWARD B. MOORE, Respondent, *v.* ISAAC A. COOLEY, Appellant.

*Trespass — surveyor's bill, an ancient document — proceedings to lay out a highway.*

In an action brought to recover the damages caused by a trespass, consisting in the cutting of certain trees on real property, a surveyor's bill fairly identified as made for one of the plaintiff's grantors by a surveyor, dated as made in 1815, surveying the line in controversy and coming from proper custody, may be received as an ancient document proving itself.

In such an action an application to lay out a highway, signed by the defendant's grantor, in proceedings which took place in 1830, asking that a highway be laid out on the line between the land of the plaintiff and that of the defendant, and in which the survey purports to locate the center of the road on the line between the parties, offered by the defendant to show that the *locus in quo* was a public highway, unaccompanied by any offer to show that the line located by the highway put the trees, for the cutting of which the action was brought, on the defendant's side, is immaterial and is properly excluded.

APPEAL by the defendant, Isaac A. Cooley, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Steuben on the 21st day of November, 1894, upon the verdict of a jury rendered after a trial at the Steuben Circuit, and also from an order entered in said clerk's office on the 1st day of December, 1894, denying his motion for a new trial made upon the minutes, and, also from an order entered in said clerk's office on the 1st day of December, 1894, directing and permitting the plaintiff to enter judgment for treble damages.

*Frank H. Robinson,* for the appellant.

*A. M. Burrell,* for the respondent.

WARD, J.:

This was an action for cutting three butternut trees. The trees were so near the farm line of adjoining owners that a close contest arose as to whether the trees were on the plaintiff's or defendant's side. The jury found for the plaintiff and the damages were trebled. The parties claimed under a common source of title commencing in 1813. The premises were in the town of Canisteo, Steuben county, and the interests of the parties diverged and they took separate parcels of land in 1815.

The chief exceptions by the defendant were : First, that the court admitted a surveyor's bill which was fairly identified as made for one of the plaintiff's grantors by a surveyor, dated as made in 1815, surveying the line in controversy. This paper came from the proper custody, and was received as an ancient document proving itself. We think this objection was untenable.

The second, in refusing to · receive upon defendant's offer an application to lay out a highway, and the record of the laying out of the highway. The application was signed by Peter Tice, the defendant's grantor, who was in possession of the defendant's prem-

ises, and asked that a highway be laid out on the line between the land that the plaintiff now owns and the defendant's.

This application was dated in 1830. A survey was made of the road for the highway by the highway commissioners, and that survey purported to locate the center of the road on the line between the parties. The proceedings were all in 1830, and the papers came in due form from the town clerk's office. This evidence, as claimed by the defendant, was offered for the purpose of showing that the land where the trees grew was a public highway. This was immaterial. Had the offer been made to show that the line located by the highway put the trees on the defendant's side, then a serious question would be presented, for it might be said that a road laid out so long ago, when the point was to locate it on the line between the parties, and all the men interested in the property on both sides at the time having had notice of it, and it being done at the instance of the defendant's grantor in part, the survey thus made would be an ancient document of considerable force to fix the fact as to where the true line was.

LEWIS and BRADLEY, JJ., concurred; DWIGHT, P. J., not voting.

Judgment and order affirmed.